IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVEN L. HILL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:14-cv-00595 |
| THOMAS GOOCH et al., | ) Judge Campbell |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Plaintiff Steven L. Hill, a state prisoner incarcerated at the Davidson County Sheriff's Office – Criminal Justice Center ("CJC") in Nashville, Tennessee, has submitted a civil complaint under 42 U.S.C. § 1983 and state law, seeking damages and injunctive relief against various Davidson County employees, the Davidson County Drug Court, and Davidson County. He proceeds *in forma pauperis*.

### **I. Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S.

97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II.   Discussion

The plaintiff alleges that, at all times relevant to this case, he was an inmate housed in the Davidson County Drug Court ("DC4"). He names as defendants Thomas Gooch, Community Service Supervisor for DC4; Mrs. Hobson, Program Director for DC4; Dr. Cates, DC4's Assistant Clinical Program Director; the Davidson County Drug Court itself; and Davidson County (which the Court construes to mean the Metropolitan Government of Nashville and Davidson County).

The plaintiff states that defendant Gooch "wa[n]tonly and maliciously sexually harass[ed] and assault[ed]" him on "several occasions" during October 2013, and that Gooch threatened the plaintiff with retaliation if he revealed or complained about the harassment. (ECF No. 1, at 8–9.) More specifically, the plaintiff claims three instances of inappropriate sexual contact or behavior: (1) on October 8, Gooch grabbed his buttocks and offered him money to go to his house; (2) on October 17, Gooch exposed his penis to the plaintiff and asked for oral sex; and (3) on October 22, Gooch grabbed him around the waist and rubbed his crotch against the plaintiff's buttocks. In addition, on "several occasions, Gooch allegedly made lewd comments and requested sexual "favors" from the plaintiff. (ECF No. 1, at 9.) The plaintiff states: "Plaintiff Hill has a Facebook message/comment asking if he (Hill) was planning to try and 'extort' defendant Gooch over his abuse." (*Id.*) The Court interprets this somewhat ambiguous passage to mean that Gooch messaged Hill asking Hill if he planned to extort Gooch.

On the basis of these allegations, the plaintiff seeks to assert federal claims under 42 U.S.C. § 1983 as well as state-law claims for assault and battery. This Court may exercise supplemental jurisdiction over the state-law claims in accordance with 28 U.S.C. § 1367 only if the plaintiff states a colorable claim under

federal law over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). A failure to identify a right, privilege or immunity secured by the Constitution that was violated will result in dismissal of the cause of action for failure to state a claim upon which relief can be granted.

*A*llegations of sexual abuse of a prisoner by a corrections officer may constitute serious harm cognizable under the Eighth Amendment's prohibition of cruel and unusual punishment. *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (citing *Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir.1997)). As the Second Circuit stated in *Boddie*:

> Sexual abuse may violate contemporary standards of decency and can cause severe physical and psychological harm. For this reason, there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be "objectively, sufficiently serious" enough to constitute an Eighth Amendment violation. Moreover, . . . sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is "simply not part of the penalty that criminal offenders pay for their offenses against society.

*Id.* (internal citations omitted). The plaintiff does not allege severe abuse in this case. However, because he alleges not only verbal sexual harassment but repeated instances of inappropriate sexual touching outside the context of a patdown, the Court will, for purposes of the initial review, permit the plaintiff's Eighth Amendment claim to proceed against defendant Gooch.

The claim against defendant Hobson appears to be based on the plaintiff's assertion that she is "legally responsible for the total operation of the drug court program as well as the welfare of all the program's inmates." (ECF No. 1, at 8.) Similarly, the plaintiff avers that Dr. Cates is "legally responsible for the operations of and welfare of all inmates in the drug court program." (*Id.*) To establish the liability of any individual defendant, the plaintiff must show that the particular defendant was personally involved in the activities giving rise to the plaintiff's claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual

capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability." (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991). These defendants are not mentioned in the "Facts" section of the plaintiff's complaint, and there is no suggestion that they participated in the alleged sexual misconduct or were even aware of it. Because they were not personally involved in the events alleged in the complaint, they are not subject to liability in their individual capacity. The individual-capacity claims against these defendants will therefore be dismissed for failure to state a claim for which relief may be granted.

To the extent Hobson and Cates are sued in their official capacity, the claims are equivalent to claims against Davidson County, the entity at employs them. *Claybrook v. Birchwell*, 199 F.3d 350, 356 n.4 (6th Cir. 2000) ("An official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents."). Davidson County is also named as a defendant, so the official-capacity claims against Hobson and Cates are redundant of the claims against Davidson County.

As for the claims against Davidson County, municipalities and counties are "persons" exposed to litigation under section 1983. *Claybrook*, 199 F.3d at 356 n.4. However, the county cannot be liable solely on the basis that it employs a tortfeasor, because "[r]espondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). Instead, a municipality can be held responsible for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Simply stated, the plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The only mention of Davidson County in the complaint is in the "Defendants" section, in which the plaintiff avers that Davidson County is "the municipality responsible for starting, overseeing, funding, and creating policies to establish and operate the Davidson County Drug Court (DC4)," and that the "Davidson County courts and Judge Norman are responsible for ordering/placing inmates in the Drug Court program." (ECF No. 1, at 8.)

Nowhere in the complaint does the plaintiff identify a particular policy—or failure to institute policies—that caused, even indirectly, the alleged constitutional harm. Construing the complaint very liberally, the Court cannot find that it states a colorable claim against Davidson County under § 1983. The § 1983 claims against Davidson County and against defendants Hobson and Cates in their official capacity are therefore subject to dismissal for failure to state a claim for which relief may be granted.

The Court acknowledges that the plaintiff asserts claims against defendant Gooch under state law for assault and battery over which this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a). Likewise, to the extent the plaintiff asserts state-law claims against Davidson County arising out of the same case or controversy, the Court would have supplemental jurisdiction of those claims as well. Under Tennessee law, however, to bring a claim against Davidson County based on a government employee's intentional torts of assault and battery, the plaintiff would need to follow the procedures established by the Tennessee Governmental Tort Liability Act ("GTLA") and also to state a separate claim of negligence against the county. *See Pendleton v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M2004-01910-COA-R3-CV, 2005 WL 2138240, at *3 (Tenn. Ct. App. Sept. 1, 2005) ("[T]he GTLA does not allow plaintiffs to hold governmental entities vicariously liable for intentional torts not exempted under [Tenn. Code Ann. §] 29-20-205(2) [such as assault and battery], but rather requires a direct showing negligence on the part of the governmental entity."). Because the plaintiff fails to allege any act of negligence by Davidson County or any other defendant, he fails to state a supplemental state-law claim against that defendant over which this Court might exercise supplemental jurisdiction.

Finally, DC4 is a court or program under the supervision of the Davidson County Sheriff's Office and not itself a suable entity. The claim against DC4 will therefore be dismissed on that basis.

An order consistent with this opinion will enter, permitting the claims against defendant Gooch to proceed, but dismissing the claims against the other defendants for failure to state a claim for which relief may be granted.

Todd Campbell
United States District Judge