IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEVEN L. HILL )
 )
v. ) NO. 3:14-0595
 )
THOMAS GOOCH )

TO: Honorable Todd J. Campbell, District Judge

# REPORT AND RECOMMENDATION

By Order entered March 20, 2014 (Docket Entry No. 4), this civil action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 (b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

In the Order of referral, the Court found that the pro se and in forma pauperis plaintiff had asserted a non-frivolous claim under 42 U.S.C. § 1983 against Defendant Thomas Gooch ("Gooch") based upon allegations that Gooch violated the plaintiff's Eighth Amendment constitutional rights while acting under color of state law. The plaintiff's claims against several other named defendants were dismissed pursuant to 28 U.S.C. § 1915.

A summons and complaint were issued to Gooch at 1406 County Hospital Road, Nashville, TN 37128, which was the address provided by the plaintiff and which appears to have been Gooch's work address. However, the summons and complaint were returned unexecuted with the notation "attempted not known." See Docket Entry No. 9. By Order entered May 20, 2014 (Docket Entry

No. 10), the plaintiff was advised that service of process could not be attempted again unless the plaintiff provided a different address for service of process and that, if the defendant was not served with process within 120 days of the March 20, 2014, Order, the action could be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure. Upon the Court's receipt of a letter from the plaintiff in which he stated that the address he provided was the only address that he is able to provide, see Docket Entry No. 13, the Court directed that a representative of the Metropolitan Government of Nashville and Davidson County file a notice of either 1) the current work address, or 2) the last known home address of Gooch. See Order entered July 18, 2014 (Docket Entry No. 14). The last known home address of Gooch was filed with the Court under seal, and the Clerk was directed to re-issue process to Gooch at this address. See Order entered September 18, 2014 (Docket Entry No. 24). Summons have been returned unexecuted despite three attempts by the U.S. Marshal to serve the defendant. See Docket Entry No. 29.

Because the record in this action shows the defendant has not been served with process despite repeated attempts, the Court recommends that this action be dismissed. Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant be served with process within 120 days of the date this action and that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice or order that service be made within a specified time. Despite the Court's active assistance to the plaintiff in attempting to obtain an address at which Gooch can be served with process and despite the U.S. Marshal's making repeated attempts to serve Gooch, it appears that the defendant cannot be served with process. The inability to obtain service upon a defendant, on occasion, is a practical reality of litigation. Unfortunately, this reality, which affects both pro se and represented plaintiffs, requires the dismissal of an action when a defendant cannot be located and served with process.

# R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge